**Jeffrey David LACY, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 22669.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 3, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Dennis P. Wilson, Parsons & Wilson, P.C., Dexter, for respondent.

JOHN E. PARRISH, Judge.

On May 14, 1999, this court issued an opinion in this cause. On August 24, 1999, by order of the Supreme Court of Missouri, this cause was transferred to that court. On December 21, 1999, the Supreme Court entered an order retransferring the cause to this court. The original opinion of this court, which follows, is now readopted and reissued.

The Director of Revenue (the director) appeals a judgment reinstating the motor vehicle operator's license of Jeffrey David Lacy. Mr. Lacy's license was suspended by the director pursuant to § 302.505 [1] following his April 26, 1997, arrest for driving while intoxicated. A hearing was conducted as permitted by § 302.530 after which Mr. Lacy sought and obtained judicial review pursuant to § 302.535. The trial court ordered reinstatement of Mr. Lacy's driving privileges and "that the administrative suspension or revocation ... be removed from [his] driving record." Judgment was entered October 8, 1998. The Department of Revenue (the department) notified Mr. Lacy by letter dated October 22, 1998, that it had "received the final outcome of [his] Petition for Trial DeNovo [sic] from the

---

1.  References to statutes are to RSMo Supp. 1996 unless stated otherwise.

Circuit Court of Stoddard County." The letter advised Mr. Lacy that the suspension that was the subject of that action had been removed from his record. Mr. Lacy's license was returned with the letter. Later, on November 16, 1998, the director filed her notice of appeal.

Mr. Lacy filed a motion to dismiss the appeal because the director had fully complied with the judgment, thereby acquiescing in it. That motion is granted. The appeal is dismissed.

Court proceedings initiated by application for trial de novo directed to a final decision of the department are governed by rules of civil procedure. *See* § 302.535.1, RSMo 1994. The right to appeal a judgment is purely statutory. *Sutton v. Goldenberg*, 862 S.W.2d 515, 516 (Mo.App.1993); Rule 81.01. An appeal may be taken from a final judgment in a civil case. § 512.020, RSMo 1994; *see* Rule 81.05(a). However, a party who accepts the benefits of a favorable judgment or who acquiesces in an adverse judgment waives the right to have the judgment reviewed on appeal. *Schulte v. Schulte*, 949 S.W.2d 225, 227 (Mo.App.1997). *See also, Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 638 (Mo.App.1998), and *Steen v. Colombo*, 799 S.W.2d 169, 174 (Mo.App.1990). The department's removal of the record of suspension from Mr. Lacy's record and return of his license in compliance with the trial court's judgment was an obvious acquiescence in that judgment.

The director responded to Mr. Lacy's motion to dismiss the appeal by reply brief. That brief cites no law rebutting the principle that a party acquiescing in an adverse judgment by complying with its directive is estopped from challenging the judgment on appeal. Rather, it argues, in essence, that a niche should be carved exempting appeals of license suspension and license revocation cases from this principle of law. It complains that the department endures "howls of protest … if a

license is not returned relatively contemporaneously with the ink drying on the circuit court judgment."

The reply brief further suggests that to apply the principle on which Mr. Lacy relies in moving to dismiss the appeal would be detrimental to the rights of persons whose licenses are suspended and revoked and who are successful in appealing that action to the circuit court. The brief suggests that such a person would lose "any restricted driving privilege issued pursuant to § 302.535.2" in the event the director appealed the trial court's judgment; that the licensee would not have driving privileges between the date of the trial court's judgment and the time the appeal was completed.

The statute about which the director expresses concern, § 302.535.2, provides for issuance of restricted driving privileges that "shall terminate on the date of the disposition of the petition for trial de novo." If a circuit court judgment directed to a petition for trial de novo were appealed, there would be no disposition of the petition until the appeal was completed and mandate of the appellate court was issued communicating that court's judgment. *See Board of Regents v. Harriman*, 857 S.W.2d 445, 449 (Mo.App.1993). The director's concerns about "howls of protest" are not matters with which this court can lend assistance. The Motion to Dismiss Appeal is granted. The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.