**Gaylon M. LAWRENCE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 22951.**

Missouri Court of Appeals, Southern District, Division One.

March 8, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

C.H. Parsons, Jr., Parsons and Wilson, P.C., Dexter, for Respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue (the director) appeals a judgment reinstating the motor vehicle operator's license of Gaylon M. Lawrence. Mr. Lawrence's license was suspended by the director pursuant to § 302.505[1] following his December 20, 1997, arrest for driving while intoxicated. A hearing was conducted as permitted by § 302.530 after which Mr. Lawrence sought and obtained judicial review pursuant to § 302.535. The trial court ordered reinstatement of Mr. Lawrence's driving privileges and "that the administrative suspension or revocation ... be removed from

[his] driving record." Judgment was entered March 12, 1999. The Department of Revenue (the department) notified Mr. Lawrence by letter dated March 18, 1999, that it had "received the final outcome of [his] Petition for Trial DeNovo [sic] from the Circuit Court of Stoddard County." The letter advised Mr. Lawrence that the suspension of driving privileges that was the subject of the Stoddard County Circuit Court action had been removed from his record. On April 21, 1999, the director filed a notice of appeal in the Stoddard County case.

Mr. Lawrence filed a motion to dismiss the appeal because the director had fully complied with the judgment, thereby acquiescing in it. The motion is granted.

The issue presented by this appeal was decided by this court in *Lacy v. Director,* 9 S.W.3d 1 (Mo.App.2000). *Lacy* explains:

Court proceedings initiated by application for trial de novo directed to a final decision of the department are governed by rules of civil procedure. *See* § 302.535.1, RSMo 1994. The right to appeal a judgment is purely statutory. *Sutton v. Goldenberg,* 862 S.W.2d 515, 516 (Mo.App.1993); Rule 81.01. An appeal may be taken from a final judgment in a civil case. § 512.020, RSMo 1994, *see* Rule 81.05(a). However, a party who accepts the benefits of a favorable judgment or who acquiesces in an adverse judgment waives the right to have the judgment reviewed on appeal. *Schulte v. Schulte,* 949 S.W.2d 225, 227 (Mo.App.1997). *See also, Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 638 (Mo.App.1998), and *Steen v. Colombo,* 799 S.W.2d 169, 174 (Mo.App.1990). The removal of the record of suspension from Mr. Lacy's record and return of his license in compliance with the trial court's judgment was an obvious acquiescence in that judgment.

*Id.* at 2.

Removal of the record of suspension from Mr. Lawrence's driving record and

---

**1.** References to statutes are to RSMo 1997    Supp. unless stated otherwise.

return of his license constituted acquiescence in the judgment the director now asks this court to review. The right of appellate review has been waived. The appeal is dismissed.

CROW, P.J., and SHRUM, J., concur.