Dwight R. WAMPLER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 83086.

Supreme Court of Missouri,
En Banc.

April 24, 2001.
Rehearing Denied May 29, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Daniel L. Radke, St. Joseph, for Respondent.

## PER CURIAM [1]

The director of revenue appeals from the trial court's judgment reinstating Dwight R. Wampler's driving privilege after setting aside the director's one-year revocation of Wampler's driving privilege and a ten-year denial of his driving privilege. The director contends she is not required to present any evidence during the hearing to prove the grounds for the director's actions. The director notes that the court was required to review the administrative record filed with it several months before the hearing. That record established that Wampler had accumulated enough points to earn a one-year revocation and that he had been convicted of driving while intoxicated on three separate occasions, requiring the ten-year denial of his driving privilege. The director also states that Wampler presented no contrary evidence during the hearing.

The judgment is affirmed.

## Facts

The director issued a notice to Dwight R. Wampler revoking his driving privilege for one year because of an accumulation of points resulting from two traffic convictions for speeding and driving while intoxicated. The notice stated that the department of revenue received and processed a speeding conviction and a driving while intoxicated (DWI) conviction. On the same date, the director issued a ten-year denial of Wampler's driving privilege because Wampler had three DWI convictions.

Wampler filed a petition for review in circuit court contesting the director's action, under section 302.311.[2] The director's general counsel filed an answer and a certified copy of the director's administrative records. The records included Wampler's driving record and court records relating to Wampler's three DWI convictions. Wampler filed a response in which he requested that the director's allegations regarding his alleged DWI history be stricken because they were conclusions of law and/or are not in proper form. At the hearing on Wampler's petition for review, the prosecuting attorney appearing for the director [3] presented no evidence on

---

1. The appeal in this case was originally decided by the Court of Appeals, Western District, in a per curiam opinion. Portions of that opinion are incorporated without further attribution.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

3. Section 302.311 provides that "[t]he prosecuting attorney of the county where such appeal is taken, shall appear on behalf of the

behalf of the director. Wampler offered no evidence of his own, and his attorney merely asked the court to enter an order setting aside the director's actions. The trial court entered a written judgment setting aside the director's actions against Wampler's driving privilege because the director had failed to present any evidence during the hearing. The trial court ordered the director to reinstate Wampler's driving privilege. Subsequently, the director reinstated Wampler's driving privilege. The director appeals.

## Standard of Review

■ When a trial court reinstates a driver's license following a suspension or revocation, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Endsley v. Director of Revenue, State of Mo.*, 6 S.W.3d 153, 157 (Mo.App.1999).

## Acquiescence

■ Wampler contends that the director's appeal should be dismissed because the director acquiesced in the judgment by reinstating the driving privilege and allowing Wampler to reapply for and receive his driver's license. Wampler relies on *Lacy v. Director of Revenue*, 9 S.W.3d 1 (Mo.App. S.D.2000). There the court noted the rule that "a party who accepts the benefits of a favorable judgment or who acquiesces in an adverse judgment waives the right to have the judgment reviewed on appeal." The court, therefore, held that the department's removal of the suspension from Lacy's record and the return of his license in compliance with the trial court's judgment "was an obvious acquiescence in that judgment." *Id.* at 2; *see also Lawrence v. Director of*

*Revenue,* 13 S.W.3d 683, 683–84 (Mo.App. S.D.2000).

*Lacy* and *Lawrence* are overruled. In this case, the director was ordered to restore Wampler's driving privilege "forthwith." Complying with this order was not in any sense voluntary. In this case, effectual relief can still be granted, even though Wampler's driver's license has been returned. The suspension or revocation could be upheld.

Additionally, the director receives no benefit by complying with the trial court's judgment pending appeal. The director also does not have the option of staying proceedings by filing a bond. If the director does not return the driver's license pending appeal, the director risks being in contempt of court. It would be an absurd result not intended by the legislature to require that the director risk being held in contempt of court in order to preserve the right to appeal in cases such as this.

Not allowing the director to return the driver's license pending appeal could be detrimental to persons whose licenses are suspended or revoked, particularly in cases where the suspension is for a relatively short period of time. If the director withheld licenses to avoid "acquiescence" in the judgment, the licensee would be without driving privileges between the date of the trial court's judgment and the time the appeal was completed instead of having his or her license and a restored driving record pending appeal. The cases of those whose licenses are suspended or revoked for a short period would often become moot through the passage of time and the expiration of the suspension or revocation before the completion of their appeal. Alternatively, the driver is faced with the expensive prospect of swiftly pursuing a contempt action.

director, and prosecute or defend, as the case

may require."

These cases are somewhat unusual. The director is forced to choose between withholding the license of a driver who has possibly been wrongfully suspended, thereby risking contempt, or returning a potentially dangerous driver to the streets waiving any right to appeal. Given this scenario, complying with the court's order is not a voluntary act, and the director did not acquiesce in the trial court's judgment.

**Consideration of Administrative Record**

■ The director alleges evidence to support the decision to revoke or deny is not required during the hearing to prove the grounds for these actions because the only requirement for the trial court to uphold the director's revocation and denial is that it review the administrative record filed with it several months before the hearing. The director contends that the administrative record sufficiently established that Wampler had accumulated enough points to earn a one-year revocation and that he had been convicted of driving while intoxicated on three separate occasions requiring the ten-year denial of his driving privilege. Because Wampler presented no contrary evidence during the hearing, the director maintains that the revocation and denial were proper actions.

■ The prosecuting attorney representing the director presented no evidence, failed to offer the certified record previously filed, and declined the court's invitation to request a continuance. The director now contends that when a trial court reviews a case under section 302.311, it must consider the administrative record filed with the court, citing *Lane v. Director of Revenue*, 996 S.W.2d 117, 118 (Mo.App. 1999). The director relies on section 302.312.1, RSMo Supp.1997. This statute provides that department of revenue records, when properly certified, "shall be admissible as evidence in all courts of this state and in all administrative proceedings." However, that a document or record is "admissible" does not mean it is automatically admitted into evidence merely because it has been filed in a case or attached to a pleading. While section 302.311 allows an appeal "in the manner provided by chapter 536, RSMo," the cause is to be *heard* "de novo."[4] The director is required, as are proponents in other *de novo* civil cases, to put into evidence that which the fact finder is asked to consider. The judge is not required to leaf through a file to determine what should be used as evidence. Merely filing a document "does not put it before the court as evidence." *Hopkins v. Hopkins*, 664 S.W.2d 273, 274 (Mo.App.1984). To the extent *Lane* finds that records filed by the director are sufficient, although the records are never introduced into evidence, it should no longer be followed.

The judgment is affirmed.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN, WOLFF and BENTON, JJ., concur.

LAURA DENVIR STITH, J., not participating.

---

4. "De novo trial" has been defined as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." *Black's Law Dictionary* 435 (6th ed.1990).