**Lloyd THOMAS, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. ED 78825.

Missouri Court of Appeals, Eastern District, Northern Division.

April 16, 2002.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

Clifford B. Mayberry, Mayberry & Mayberry, Kirksville, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Keith D. Halcomb, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JAMES R. DOWD, Chief Judge.

Lloyd Thomas's driver's license was suspended after he was convicted of driving while intoxicated. Thomas applied for a driver's license at the Clark County license bureau and was told that he was under a ten-year suspension because his record

showed four prior alcohol-related convictions. Thomas appeals from the Clark County Circuit Court's denial of his petition to review the action of the Department of Revenue. We affirm.

■ The judgment in a court-tried case must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the judgment and give respondent all reasonable inferences therefrom. *Hansen v. Director of Revenue,* 22 S.W.3d 770, 772 (Mo.App. E.D.2000).

On September 25, 2000, at trial, the Director introduced the records of the Department of Revenue, which showed that Thomas was convicted of driving under the influence of alcohol or drugs four times. He was convicted of violating Illinois law 625 ILCS 5/6–205(a)2, "driving while under the influence of alcohol, drugs, or a combination thereof," on both July 12, 1977 and March 9, 1978. And he was twice convicted in Clark County, Missouri, once for "excess blood alcohol content" on January 22, 1980 and again on March 19, 1998 for "driving while intoxicated." His record also shows three administrative license suspensions for alcohol-related offenses and for refusal to take a chemical test. Missouri law requires a ten-year license suspension if a person is convicted of three or more alcohol-related driving offenses. § 302.060(9) RSMo2000.[1]

Thomas did not put on any evidence. Instead, he argued that the Director failed to meet his burden because the records of the Illinois convictions were improperly authenticated and that the Director failed to establish that the convictions were entered by a judge licensed to practice law

and that he was represented by or waived the right to an attorney in writing, as required by § 302.060(9). The trial court took the matter under consideration. On October 30, 2000, the court affirmed the Director of Revenue's 10–year suspension of Thomas's driver's license.

Thomas makes three arguments on appeal. First he argues that the Director failed to properly authenticate the records of the two Illinois convictions. Second, he argues, for the first time on appeal, that the court did not properly admit those records. Finally, he argues that the Director failed to prove that the Illinois judgments were entered by a judge licensed to practice law and that he was represented by or waived the right to an attorney in writing. Thomas maintains that these deficiencies make the Illinois records inadmissible.

■ The relevant statute on the authentication of records is § 302.312(1). It provides:

> Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

So, "copies of documents from the Department of Revenue are admissible as evidence if the copies are properly certified by the appropriate custodian or the Director." *Hackmann v. Director of Revenue,* 991 S.W.2d 751, 753 (Mo.App. E.D. 1999). Here, the Director offered records from the Department of Revenue to the trial court in the form of Exhibit A. Exhibit A clearly reveals that the records were

1. All statutory references are to RSMo2000,   unless otherwise indicated.

certified by the custodian of records for the Department of Revenue. This certification included the following language: "It is further certified pursuant to Section 302.312 RSMo., that the records attached hereto are exact duplicates of the original records lawfully filed or deposited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577 RSMo." Therefore, Exhibit A was properly certified and admissible. *Hackmann,* 991 S.W.2d at 753.

Second, the court heard evidence and argument on two separate occasions on the admissibility of the records. On both days, the parties discussed the records submitted to the court by the Director and the court marked the records as Exhibits. At the September 25 hearing the court stated that the case had previously been "submitted on the—basically, the pleading filed by the Director of Revenue and his record." Counsel for Thomas raised no objection. Then, in its Judgment and Order, the court stated that the parties "submit case on Defendant's driving record as certified pursuant to 302.312. RSMo.1994."

█ Thomas, citing *Wampler v. Director of Revenue,* 48 S.W.3d 32 (Mo.2001), argues that the Director of Revenue cannot rely on an affidavit attached to its pleadings without formally offering it as evidence. Because this contention was not raised in the trial court we treat it *ex gratia* and conclude that Thomas's reliance on *Wampler* is misplaced. In *Wampler* the Missouri Supreme Court *affirmed* the trial court's finding that the Director had failed to submit evidence of Wampler's convictions on the ground that "the judge is not required to leaf through a file to determine what should be used as evidence." *Id.* at 35. Here, the court and counsel discussed the Director's records at length. Thomas never raised an objection

to the effect that the records had not been properly admitted. His argument was only that they were not properly certified. After examining those records the judge found that they were properly certified and entered judgment in favor of the Director. Our standard of review requires affirming the trial court's judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). There is substantial evidence that Thomas's driving record was admitted into evidence and considered by the court.

█ Finally, we address Thomas's claim that the Director failed to prove that the Illinois alcohol-related convictions were entered by a judge who was a licensed attorney and that the defendant was represented by or waived the right to an attorney in writing. The law is well-settled that § 302.060(9)'s requirement that the judge be an attorney and the defendant be represented by or waive the right to an attorney applies only when the conviction is for the violation of a county or municipal ordinance. *McDonald v. Director of Revenue,* 985 S.W.2d 375, 376 (Mo.App. S.D.1999). This is made clear by amendments made to the statute in 1996. Previously § 302.060(9) read:

> The director shall not issue any license hereunder:
> (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated....

In 1996, following several cases where the courts interpreted the statute to require that the judge be a lawyer only for convictions of county/municipal ordinances,

(*Deline v. Director of Revenue,* 941 S.W.2d 818, 820–21 (Mo.App. W.D.1997); *State v. Sparks,* 916 S.W.2d 234, 236 (Mo.App. E.D.1995); *Eaton v. Director of Revenue,* 929 S.W.2d 282, 283–84 (Mo.App. S.D. 1996)) the legislature confirmed that interpretation by inserting a comma in § 302.060(9) following 'violating state law'. "Thus, by punctuation, the legislature confirmed the interpretation previously given that statute by the *Deline, Eaton,* and *Sparks* courts." *McDonald,* 985 S.W.2d at 376.

■ Here, it is clear from the records that the convictions were for violations of state law. On the Illinois records, under "Description of Action," it says "6 205 A2," below which it says "DUI ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF," for both of Thomas's convictions. In the "Explanation of Codes and Column Headings" it says that "Description of Action" indicates:

> either the specific nature of a traffic violation or the Chapter/Section of the Illinois Vehicle code or other Illinois law that provides the authority for the action taken: e.g. 6–205(a)2 is a mandatory revocation of a license after a conviction of operating a motor vehicle while under the influence of alcohol, other drug or combination thereof.

It goes on to say: "The single digit code that precedes the Section number refers to the identity of the law." It then indicates that the number "6" refers to "The Illinois Driver Licensing Law." Section 625 ILCS 5/6–205(a)2 is a part of the Illinois Vehicle Code, The Illinois Driver Licensing Law, a law of the state of Illinois. Section 625 ILCS 5/6–205(a) states:

> "the Secretary of State shall immediately revoke the license or permit of any driver upon receiving a report of the driver's conviction for . . .

> 2. Violation of Section 11–501 of this Code [625 ILCS 5/11–501] or a similar provision of a local ordinance relating to the offense of operating or being in physical control of a vehicle while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds or any combination thereof."

Because it is clear from the foregoing that Thomas was convicted under Illinois state law, the Director was not required to prove that the judges entering those convictions were lawyers or that Thomas was represented by or waived the right to an attorney in writing.

■ The recent Missouri Supreme Court decision in *Kinzenbaw v. Director of Revenue,* 62 S.W.3d 49 (Mo. banc 2001) makes clear that the driver has the burden to show that the records are untrue or legally insufficient. In *Kinzenbaw,* the Director of Revenue suspended Kinzenbaw's driver's license for ten years because he had been convicted more than twice of driving while intoxicated. Kinzenbaw filed a petition in circuit court to review the suspension. *Kinzenbaw,* 62 S.W.3d at 50. The Director filed an answer that included the administrative record. *Id.* After neither party introduced evidence, the court held that the director failed to carry her burden of proof and entered judgment setting aside the denial of the license. *Id.* at 50–51. On appeal, the Western District, citing *Wampler,* affirmed, saying: "Filing records without introducing them into evidence is not sufficient to meet the director's burden of proof." *Kinzenbaw v. Director of Revenue,* No. WD58336, 2001 WL 504866 at *2, 2001 Mo.App. LEXIS 795 at *4–5 (Mo.App. W.D.2001). The Supreme Court reversed. 48 S.W.3d 32 (Mo. banc 2001). Clarifying the burdens each party bears in a review of the Director's suspension of a driver's license, the court held:

Kinzenbaw has the burden of producing evidence that he is qualified for a driver's license, and the director has the burden of producing evidence that he is not. The director meets her burden by introducing the administrative record. The burden of persuasion, as distinct from the burden of producing evidence, is at all times on Kinzenbaw and never shifts. It is Kinzenbaw's burden to prove that the facts on which the director relied in denying the license are not true or are legally insufficient to support the denial or suspension of the license.

*Id.* at 51.

Thomas failed to carry his burden of proof because he offered no evidence to suggest that the Illinois driving records were incorrect. The judgment of the trial court is, in all respects, affirmed.

CLIFFORD H. AHRENS, MARY R. RUSSELL, JJ., concur.