William G. FRIEDRICH, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 62133.

Missouri Court of Appeals,
Western District.

Jan. 20, 2004.

Sharon K. Euler, Jefferson City, MO, for appellant.

Steven J. Bratten, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., SMITH and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

The Director of Revenue appeals the judgment of the trial court setting aside the revocation of William G. Friedrich's driver's license under section 302.304, RSMo Cum.Supp.2002.[1] Mr. Friedrich's license was revoked following an alcohol-related conviction in Iowa. The trial court refused to admit the Director's certified record of the Iowa conviction and set aside the revocation. This court finds that the record of the Iowa conviction was admissible and, combined with the remainder of the Director's record, constituted sufficient evidence to support the revocation. The judgment is reversed and remanded to the trial court to reinstate the Director's revocation of Mr. Friedrich's driver's license.

## Factual and Procedural History

In a letter dated May 24, 2002, the Director notified Mr. Friedrich that his Missouri driver's license would be revoked for a one-year period, effective June 25, 2002. The Director also instituted a ten-year denial of Mr. Friedrich's driving privilege, effective on the same date. Mr. Friedrich filed a petition for review of the revocation in the circuit court.[2]

On the day of the hearing on the petition for review of the revocation, the parties appeared by counsel. The docket entry states that at the hearing, the parties agreed to "submit records." The Director submitted her certified record of Mr. Friedrich's driving record. The driving record showed that Mr. Friedrich had three convictions for alcohol-related offenses: (1) a driving with excessive blood alcohol content conviction in Holts Summit on December 14, 1994; (2) a driving while intoxicated conviction in Miller County on December 11, 1995; and (3) an OWI conviction in Pottawattamie County, Iowa, on March 13, 2002. Mr. Friedrich did not introduce any evidence. Instead, he submitted a legal memorandum in which he argued that the Director failed to prove that the Iowa conviction was an alcohol-related offense.

In ruling on Mr. Friedrich's petition for review, the trial court found, in pertinent

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 2002, unless otherwise indicated.

2. Mr. Friedrich did not seek review of the ten-year denial of his driving privilege.

part, that the record of the Iowa conviction was not an "authenticated record" under section 490.130 and, thus, was "not legally admissible in Missouri as showing or proving a conviction." The trial court also noted that the record of the Iowa conviction did not indicate the "legal status of the judge, nor whether [Mr. Friedrich] had legal counsel." Therefore, the court held that the record of the Iowa conviction could not be used to revoke Mr. Friedrich's driver's license. The court granted judgment for Mr. Friedrich. The Director's subsequent motion to reconsider was denied. This appeal followed.

## Standard of Review

This court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court views the evidence in the light most favorable to the judgment and defers to the trial court's resolution of factual issues. *Duffy v. Dir. of Revenue*, 966 S.W.2d 372, 379 (Mo.App.1998). In this case, however, the evidence is uncontroverted and was admitted by agreement of the parties. "If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002).

## Record of Iowa Conviction Admissible

■ On appeal, the Director first argues that the trial court erred in refusing to admit the record of the Iowa conviction because it was not certified pursuant to section 490.130. Section 490.130 provides, in pertinent part:

The records of judicial proceedings of any court of the United States, or of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding associate circuit judge of the court to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come.

This statute does not provide the only method for certifying an out-of-state record to render it admissible in court, however. Section 302.312.1, RSMo 2000, which is expressly applicable to Department of Revenue records, provides:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and senior services and copies of any records, properly certified by *the appropriate custodian or the director*, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

(Emphasis added.) The uniform citation and complaint and the abstract of court record showing the Iowa charge and conviction were a record that was lawfully deposited or filed in the offices of the Department of Revenue. The legal file reflects that Mr. Friedrich's entire driving record, including the record of the Iowa conviction, was certified by the custodian of records for the Department of Revenue. This certification included this language:

This is to certify that the attached documents are true and authentic records of the Driver and Vehicle Services Bureau, Missouri Department of Revenue, for the above individual relating to the driver license history.

It is further certified pursuant to Section 302.312, RSMo, that the records attached hereto are exact duplicates of the original records lawfully filed or de-

posited with the Department of Revenue by the reporting agency or entity pursuant to the provisions of Chapters 302, 303 and/or 577, RSMo.

Mr. Friedrich's driving record, including the record of the Iowa conviction, was properly certified pursuant to section 302.312.1, RSMo 2000, and was, therefore, admissible. *Thomas v. Dir. of Revenue*, 74 S.W.3d 276, 278–79 (Mo.App.2002) (holding that a driving record that contained records of out-of-state convictions filed with the Department of Revenue and that had identical certification language was properly certified and admissible). The trial court erred in holding otherwise.

■ The other basis the trial court cited for refusing to admit the record of the Iowa conviction was that the record did not indicate the legal status of the Iowa judge, nor did it indicate whether Mr. Friedrich had legal counsel in the Iowa proceedings. The requirement that the judge be an attorney and that the defendant be represented by or waive the right to an attorney in writing applies to convictions used to deny driving privileges under section 302.060(9). *See id.* at 279. Mr. Friedrich sought review of only the revocation of his license under section 302.304, not the ten-year denial of his driving privilege under section 302.060(9). In any event, section "302.060(9)'s requirement that the judge be an attorney and the defendant be represented by or waive the right to an attorney applies only when the conviction is for the violation of a county or municipal ordinance." *Id.* In this case, it is clear from the records that the Iowa

conviction was for Mr. Friedrich's violation of an Iowa state statute. Therefore, the requirement that the Iowa judge who entered the conviction be a lawyer and that Mr. Friedrich be represented by or waive the right to an attorney in writing did not apply. *Id.* at 280. The trial court erred in not admitting the record of the Iowa conviction.

### Director's Record Sufficient to Support Revocation

■ The Director next argues that, if the record of the Iowa conviction had been admitted and considered, the evidence would have been sufficient to support revocation. The record of the Iowa conviction showed that, on November 2, 2001, Mr. Friedrich was charged with "OWI—Test Refusal," under IOWA CODE section 321J.2 (2000),[3] and, on March 13, 2002, found guilty. The Director is authorized to rely upon convictions in other states to revoke a license if the out-of-state conviction would result in the assessment of points in Missouri. Section 302.160, RSMo 2000. The Iowa conviction for operating while intoxicated was Mr. Friedrich's third alcohol-related offense, as the Director's records showed that Mr. Friedrich had two prior alcohol-related convictions. A conviction for a second or subsequent alcohol-related offense results in the assessment of twelve points. Section 302.302.1(9). When a driver accumulates twelve points in twelve months, section 302.304.7 provides that the Director "shall revoke the license and driving privilege." Thus, the Director met her burden by introducing

---

3. IOWA CODE section 321J.2.1 (2000) provides:
    A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:
       a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.
       b. While having an alcohol concentration of .10 or more.
       c. While any amount of a controlled substance is present in the person, as measured in the person's blood or urine.

her records showing that Mr. Friedrich was not qualified for a driver's license. *Kinzenbaw v. Dir. of Revenue,* 62 S.W.3d 49, 51 (Mo. banc 2001).

Once the Director presented evidence showing that Mr. Friedrich was not qualified for a driver's license, it was Mr. Friedrich's burden to show that the facts on which the Director relied were either unlawful, unconstitutional, or otherwise insufficient to support the revocation of his driver's license. *Id.* at 54–55. Mr. Friedrich failed to meet this burden. Accordingly, the judgment is reversed and remanded to the trial court to reinstate the revocation of Mr. Friedrich's driver's license.

All concur.