**Adam L. MILLER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 68745.**

Missouri Court of Appeals, Western District.

Aug. 5, 2008.

Neel Mookerjee, Jefferson City, MO, for appellant.

Philip Dale Barrett, Kirksville, MO, for respondent.

Before HAROLD L. LOWENSTEIN, · P.J., PAUL C. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Adam Miller received a letter from the Missouri Director of Revenue (Director) denying his application for a driver's license. The letter explained that, because he had been convicted for three or more driving while intoxicated offenses, he was ineligible for a driver's license for ten years from the date of his last offense.

Miller appealed the Director's decision, and the circuit court reversed the Director's decision. The circuit court found that the driving records from the State of Iowa were not legally sufficient to support the Director's decision. This appeal follows.

## Standard of Review

This court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This court views the evidence in the light most favorable to the judgment and defers to the trial court's resolution of factual issues. *Duffy v. Dir. of Revenue,* 966 S.W.2d 372, 379 (Mo.App. W.D. 1998). In this case, however, the evidence is uncontroverted and was admitted by agreement of the parties. "If the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

*Friedrich v. Dir. of Revenue,* 124 S.W.3d 30, 32 (Mo.App. W.D.2004).

As in *Friedrich,* Miller's driving records were admitted into evidence by a stipula-

tion of both parties. Therefore, our review of the legal effect of these records is *de novo.*

### Records in Evidence

The Director based his decision on Miller's driving record from Missouri and Iowa. There is no dispute that Miller was convicted of driving while intoxicated in Missouri on August 24, 2003. The other two violations occurred in Iowa. The Iowa charges state: "Charge: 321J.2(B) Description: OPER VEH WH INT (OWI) / 2ND OFF (AGMS)." The first offense occurred on March 7, 2004, and the second occurred on May 29, 2005. Both offenses were adjudicated, and Miller was given various sentences.

### Burden of Production versus Burden of Persuasion

■ In *Kinzenbaw v. Director of Revenue,* 62 S.W.3d 49 (Mo. banc 2001), the Missouri Supreme Court set forth the burdens of the driver and the Director when the driver's license has been revoked. The Director has the burden of production. *Id.* at 54. This burden is satisfied by the introduction into evidence of the administrative record that the Director used in denying the driver's license. *Id.* It is the driver who has the burden of persuasion. *Id.* "[I]t is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for the suspension are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action." *Id.* at 54–55.

### Director's Burden of Production

■ The Director argues that the records from Iowa are legally sufficient to satisfy his burden of production. Miller argues that the Iowa record is not legally sufficient in that there is no explanation regarding what the "321J.2(B)" references or what the "2ND OFF (AGMS)" signifies.

We hold that the Iowa records were legally sufficient to satisfy the Director's burden of production. The records admitted into evidence by stipulation of the parties were the administrative record relied on by the Director in making his decision. An affidavit was attached to the records certifying that they were used in the regular course of business of the Department of Revenue and that they were duplicates of the original records deposited with the Department of Revenue. Therefore, the Director satisfied his burden of production.

### Driver's Burden of Persuasion

■ Having decided that the Director met his burden of production, it then becomes the burden of the driver, Miller in this case, to show that the records were legally insufficient or not true. *See Thomas v. Dir. of Revenue,* 74 S.W.3d 276, 281 (Mo.App. E.D.2002). Miller has failed to meet this burden.

The record on appeal consists of the lower court's file, which included the records that the Director relied on, and the transcript of the hearing. The hearing transcript is completely void of any evidence alleging that the record was legally insufficient or not true. The transcript merely consists of the introduction of the parties, the court making a statement that a "rather extensive conference" occurred in chambers, and that the parties were stipulating that the records being admitted into evidence were those relied on by the Director but that "there is no stipulation that those records are, in fact, sufficient

for that purpose." The court asked if there was any further evidence to be admitted, and Miller replied that there was nothing further.[1] Thus, Miller did not offer any evidence on the record refuting the sufficiency of the records.

Miller now argues that the records were insufficient in that there is no explanation regarding what the "321J.2(B)" references or what the "2ND OFF (AGMS)" signifies. However, we believe it is self-evident that the "321J.2(B)" is a reference to the statute that Miller was being charged under.[2] The records also give the date of adjudication and the sentences given. As to what the remaining abbreviations signify, as previously discussed, Miller failed to present any evidence that not having the interpretation of these abbreviations caused the records to be untrue or legally insufficient. "Once the Director presented evidence showing that [Miller] was not qualified for a driver's license, it was [Miller's] burden to show that the facts on which the Director relied were either unlawful, unconstitutional, or otherwise insufficient to support the revocation of his driver's license." *Friedrich,* 124 S.W.3d at 34.[3] Miller did not meet this burden, and, therefore, the Director's denial of his license should have been affirmed. *Id.*

### Conclusion

We reverse the circuit court's judgment and reinstate the Director's decision denying Miller's application for a driver's license.

All concur.

1. Although there was a brief discussion regarding the application of another statute, as the Director conceded, that statute did not apply in this situation.

2. Iowa Code section 321J.2 states:

1. A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:

    a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.
    b. While having an alcohol concentration of .08 or more.
    c. While any amount of a controlled substance is present in the person, as measured in the person's blood or urine.

3. The same Iowa statute, 321J.2, was at issue in *Friedrich.*