**Affirmed in part; and Reverse and Remanded in part; and Opinion Filed July 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01043-CV

**JENNINGS, HACKLER & PARTNERS, INC., Appellant**
**V.**
**NORTH TEXAS MUNICIPAL WATER DISTRICT, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-01197-2013**

## OPINION

Before Justices Fillmore, Stoddart, and Whitehill
Opinion by Justice Whitehill

The primary area of dispute in this architect liability case is whether the plaintiff had to provide an expert affidavit from a licensed architect to support its direct and vicarious liability claims against an architectural firm. The plaintiff asserted claims against a licensed professional engineering firm and direct and vicarious liability claims against the architectural firm that hired those engineers for the project at issue. Although the plaintiff filed with its petition an affidavit from a licensed professional engineer as civil practice and remedies code § 150.002 requires for the claims against the engineer, it did not file an affidavit from a licensed architect, as the architect contends was required. The trial court denied the architect's civil practice and remedies code § 150.002(e) motion to dismiss, and the architect filed this § 150.002(f) interlocutory appeal.

In one issue, the architecture firm argues that the trial court erroneously denied its motion to dismiss because the statute's plain language mandates the dismissal of every claim arising from the provision of professional services by a licensed architect if the plaintiff does not serve with its petition an affidavit of a third party licensed architect who (i) is competent to testify, (ii) holds the same professional licensure or registration as the defendant, and (iii) is knowledgeable in the area based on the remaining § 150.002(a)(3) predicates. For the reasons discussed below, we affirm the trial court's order denying the architect's motion regarding the plaintiff's purely vicarious liability claims but reverse the trial court's denial of that motion regarding the plaintiff's direct liability claims.

## I. BACKGROUND

### A. The Parties' Factual Allegations

Appellee North Texas Municipal Water District's (the District) live pleading alleges the following facts. The District wanted an environmental services building to be built in Wylie, Texas. In 2005, it hired appellant Jennings, Hackler & Partners, Inc. (Jennings), an architecture firm, "to provide architectural, civil engineering, MEP engineering, structural engineering and geotechnical engineering services, as well as additional services, to the [District] for the purpose of designing" the building. Jennings hired co-defendant TurkWorks Engineering, LLC (TurkWorks) to provide mechanical engineering services under the design contract. TurkWorks was Jennings's agent or independent contractor for the building's mechanical engineering design. In 2006, the District hired defendant Imperial Construction, Ltd. to build the building.

After the District started using the building in or about January 2008, District personnel reported problems with the building, such as "uncomfortable room temperatures, high humidity levels, excessive condensation, water dripping from some of the original windowsills and causing damages to the drywall, equipment, and similar issues." The District hired other

–2–

mechanical engineering firms to assess the problems, and those firms reported many design and construction defects. The primary defects included inadequacies in the design and installation of the air conditioning and heating system. Jennings, TurkWorks, and Imperial refused to make most of the recommended repairs. The building's defects caused the District thousands of dollars of damages, and the District expects future repairs and remediations to cost over $500,000.

**B.      Procedural History**

In March 2013, the District sued Jennings, TurkWorks, and Imperial. It attached an affidavit by Gregory G. Schober, M.S., P.E. to its original petition. Schober's affidavit stated that TurkWorks failed to exercise reasonable care when it designed the building's HVAC system, and he provided a factual explanation for his opinion.

Jennings eventually filed a motion to dismiss under Texas Civil Practice and Remedies Code § 150.002, arguing that Schober's affidavit did not satisfy chapter 150 as to Jennings because Jennings is an architect and Schober is not. Jennings also argued that Schober's affidavit was inadequate because Schober did not identify any negligence or other breach of a legal duty by Jennings.

The District then filed its second amended petition in which it asserted claims against Jennings for breach of contract, negligence, and negligent hiring and retention of TurkWorks. The District alleged that Jennings breached the contract by failing to deliver a "fully conditioned" building as promised. The District alleged that Jennings and TurkWorks were liable for "their negligent provision of mechanical engineering services under the circumstances in their defective design of the Building's HVAC system." The District's negligence count also alleged that Jennings was vicariously liable for TurkWorks' negligence.

The trial judge denied Jennings's motion after a hearing. Jennings timely appealed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011) (authorizing interlocutory appeal).

## II. ANALYSIS

### A. Standard of Review and Rules of Statutory Construction

This case concerns the proper application of § 150.002 of the Texas Civil Practice and Remedies Code. We employ a de novo standard of review when deciding questions of statutory interpretation. *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220 (Tex. App.—Dallas 2010, no pet.). Once we construe the statute, we determine whether the trial court abused its discretion in applying the statute to the facts. *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex. App.—Dallas 2012, no pet.).

When we interpret a statute, we strive to ascertain and effectuate the legislature's intent. *TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706, at *3 (Tex. App.—Dallas Sept. 24, 2014, pet. denied). We take the text's plain meaning as the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning yields absurd or nonsensical results. *Id.* We read a statute as a whole and do not construe its provisions in isolation. *Id.* We thus endeavor to read the statute contextually and to give effect to every word, clause, and sentence. *Id.*

In interpreting the statute, we may consider, among other things, the object the legislature sought to accomplish and the consequences of a particular interpretation. TEX. GOV'T CODE ANN. § 311.023(1), (5) (West 2013); *see also Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 296 (Tex. App.—Dallas 2013, no pet.) ("In construing a statute, the court's primary objective is to give effect to the legislature's intent, considering the purpose of the statute, its

–4–

legislative history, and the consequences of a proposed construction." (citing GOV'T § 311.023(1), (3), (5))).

**B.      Section 150.002**

A plaintiff must file a certificate of merit in any action for "damages arising out of the provision of professional services by a licensed or registered professional."   CIV. PRAC. § 150.002(a).   The term "licensed or registered professional" includes licensed architects, licensed professional engineers, and firms in which licensed architects or licensed professional engineers practice.  CIV. PRAC. § 150.001(1–a) (West Supp. 2014).

If a certificate of merit is required, the general rule is that the plaintiff must file the certificate with its original petition.  *See id*. § 150.002(a).  There is an exception to this rule, *see id*. § 150.002(c), but no one contends the exception applies here.

A certificate of merit must be an affidavit by a person who is competent to testify, holds the same professional license or registration as the subject defendant, and is knowledgeable about the defendant's area of practice based on the affiant's knowledge, skill, experience, education, training, and practice.  *Id.* § 150.002(a)(1)–(3).  The affiant must also be licensed or registered in Texas and actively engaged in the practice of architecture, engineering, or surveying.  *Id*. § 150.002(b).

For "each theory of recovery for which damages are sought," the affidavit must specifically state "the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim."  *Id*.

"The plaintiff's failure to file the affidavit in accordance with [§ 150.002] shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." *Id.* § 150.002(e).

The certificate of merit requirement's purpose is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous. *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

## C.    Application of § 150.002 to the Facts

To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss. *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 576 (Tex. App.—Dallas 2012, pet. denied). The threshold questions are (i) whether Jennings is a "licensed or registered professional" and (ii) whether the District's damages arise out of the provision of professional services by such a professional. *See* CIV. PRAC. § 150.002(a). The District's response to the dismissal motion conceded that Jennings is a "licensed or registered professional" under chapter 150. We therefore proceed to consider (i) whether the District's claims against Jennings arise out of the provision of professional services and, if so, (ii) whether the Schober affidavit satisfies § 150.002's requirements as to those claims.

### 1.    Does § 150.002 apply to the District's direct liability claims against Jennings?

#### a.    What does "arose out of the provision of professional services" mean?

A pivotal question is whether the District's direct liability claims against Jennings "ar[ose] out of the provision of professional services." CIV. PRAC. § 150.002(a). If they did, a compliant affidavit was required; otherwise, it was not required and the trial court properly denied Jennings's motion to dismiss.

In determining whether claims arise out of the provision of professional services, we look to the substance of the plaintiff's pleadings. *TIC N. Cent. Dallas 3*, 2014 WL 4724706, at \*6. The question is not whether the alleged mal-acts themselves constituted the provision of professional services, but whether the claims arise out of the provision of professional services.[1] *Id.*

The statute does not define "the provision of professional services." But our sister courts have held, and we agree, that a claim arises out of the provision of professional services if the claim implicates a professional's education, training, and experience in applying special knowledge or judgment. *See Pelco Constr., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48, 53 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("If a plaintiff's claim [against an architect] implicates the special knowledge and training of an architect, it is a claim for damages arising out of the provision of professional services."); *TDIndustries, Inc. v. Citicorp N. Am., Inc.*, 378 S.W.3d 1, 5 (Tex. App.—Fort Worth 2011, no pet.) (claim against professional engineer "arises out of the provision of professional services" if it "implicates the engineer's education, training, and experience in applying special knowledge or judgment").

Chapter 150 further explains the meaning of "professional services" in architect cases by adopting the Occupations Code's definition of "practice of architecture." *See* CIV. PRAC. § 150.001(2); *see also Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 809 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (using Occupations Code to flesh out meaning of "professional services" under § 150.002). Under that definition, "practice of architecture" means

---

[1] In *JJW Development*, we held that a prior version of § 150.002 applied only to negligence claims because that version of the statute required the certificate to "set forth specifically at least one negligent act, error, or omission." 378 S.W.3d at 578–79. The current version of § 150.002 requires the certificate to set forth "specifically for each theory of recovery . . . the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service." CIV. PRAC. § 150.002(b). Thus, the certificate of merit requirement now applies to all theories of recovery, and our holding in *JJW Development* has been legislatively abrogated. *See Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 791–92 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (collecting cases regarding the expanded scope of amended § 150.002(b)). For a discussion of § 150.002's history, see *S&P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 394–95 (Tex. App.—Austin 2011, no pet.) (en banc).

a service or creative work applying the art and science of developing design concepts, planning for functional relationships and intended uses, and establishing the form, appearance, aesthetics, and *construction details for the construction, enlargement, or alteration of a building* or environs intended for human use or occupancy, the proper application of which requires education, training, and experience in those matters. The term includes:

> (A) establishing and documenting the form, aesthetics, materials, and construction technology for a building, group of buildings, or environs intended to be constructed or altered;

> (B) preparing, or supervising and controlling the preparation of, the architectural plans and specifications that include all integrated building systems and construction details, unless otherwise permitted under Section 1051.606(a)(4);

> (C) observing the construction, modification, or alteration of work to evaluate conformance with architectural plans and specifications described in Paragraph (B) for any building, group of buildings, or environs requiring an architect; [and]

> \*\*\*

> (F) consulting, investigating, and analyzing the design, form, aesthetics, materials, and construction technology used for the construction, enlargement, or alteration of a building or environs and providing expert opinion and testimony as necessary . . . .

TEX. OCC. CODE ANN. § 1051.001(7)(A)–(C), (F) (West 2012) (emphasis added).

### b. Do the District's direct claims against Jennings "arise out of the provision of professional services"?

We first examine the District's direct claims against Jennings, bearing in mind that the question is not whether the specific acts giving rise to the District's claims constitute the provision of professional (architectural) services, but whether those claims arise out of the provision of those services. *See TIC N. Cent. Dallas 3*, 2014 WL 4724706, at \*6.

First, the District alleges that Jennings breached its contract by not delivering a "fully conditioned" building. Second, the District's direct negligence claims against Jennings assert that: (1) Jennings and TurkWorks negligently provided "mechanical engineering services under

the circumstances in their defective design of the Building's HVAC system," and (2) Jennings negligently hired and retained TurkWorks.[2]

The crux of these theories is that Jennings, as a result of its services, provided a building that was not "fully conditioned."  Although the parties do not explain the precise meaning of that phrase, the District's factual allegations show that it is complaining about the quality, condition, or characteristics of the finished building, particularly its HVAC system.

The District retained Jennings to provide professional architectural services regarding the design for, construction of, and integration of building systems in the District's new environmental services building in Wylie, Texas.  The selection of, planning and coordination with, and integration of the HVAC systems in that building, and hiring of engineers for that project, were among the services Jennings provided the District that implicate Jennings's professional education, training, and experience in applying special knowledge or judgment to that project.  Because the District's direct claims against Jennings derive from those circumstances, we conclude that these claims arise out of Jennings's provision of professional (architectural) services and are subject to chapter 150.  *See Carter & Burgess*, 355 S.W.3d at 810–11 (claims against architect for personal injuries caused by door's sharp edge implicated special architectural knowledge and the practice of architecture).

2.      **Does the Schober affidavit satisfy § 150.002's requirements regarding the District's direct claims against Jennings?**

The next question is whether the Schober affidavit satisfied the District's § 150.002 obligations as to its direct claims against Jennings.  Schober identified himself as a Texas licensed professional engineer and opined that TurkWorks "failed to exercise reasonable care

---

[2] The District argues that Jennings failed to preserve its challenge to this claim in the trial court.  Jennings did not attack the negligent hiring claim by name in its motion to dismiss because that claim had not been pleaded yet.  But Jennings attacked all of the District's then-pleaded claims in its motion to dismiss, contending that all of them arose from the provision of professional services.  Because Jennings's motion was broad enough to encompass the later added theory of negligent hiring, the District's argument fails. *Cf. Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 350 (Tex. App.—Dallas 2013, no pet.) (summary judgment may be granted as to later added claims if the motion is broad enough to encompass the new claims).

–9–

and act within industry standards when it designed the HVAC system at the premises." He substantiated his opinions against TurkWorks with some factual explanation. He did not offer any opinions about Jennings.

Under § 150.002(a), however, the certificate of merit must be an affidavit by a third party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) *holds the same professional license or registration as the defendant*; and

(3) *is knowledgeable in the area of practice of the defendant* and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

CIV. PRAC. § 150.002(a) (emphases added).

That statute unambiguously provides that a certificate of merit must be authored by someone holding the same professional license or registration as the defendant. It is undisputed that Jennings is a licensed architect and that Schober is a licensed professional engineer. There is no allegation or evidence that Jennings is a licensed professional engineer, nor is there any evidence that Schober is a licensed architect. There is also no evidence that Schober is knowledgeable in Jennings's area of practice, as required by § 150.002(a)(3). For these reasons, the Schober affidavit is not a sufficient certificate of merit for the District's direct liability claims

against Jennings. Accordingly, we conclude that the trial court abused its discretion by refusing to dismiss the District's direct claims against Jennings pursuant to § 150.002(e).

### 3. Does § 150.002 require dismissal of the District's vicarious liability claims against Jennings?

We next turn to the District's vicarious liability claims against Jennings. The District bases those claims on TurkWorks' allegedly negligent conduct, which the District seeks to impute to Jennings under theories of "respondeat superior, vicarious liability, and/or principal/agent."[3]

The District's vicarious liability claims against Jennings arise out of the provision of professional services, but the provider of those professional services was the mechanical engineering firm, TurkWorks, not Jennings. This fact determines the proper application in this case of § 150.002(b), which requires the supporting affidavit to state specifically "the negligence, if any, or other action, error, or omission of the licensed or registered professional *in providing the professional service*." CIV. PRAC. § 150.002(b) (emphasis added). The District's pure vicarious liability claims, however, do not assert any negligence or other act, error, or omission by Jennings in providing professional services. They assert only negligence by TurkWorks for which Jennings is allegedly vicariously liable.

Because for each theory of recovery for which damages are sought and that arises from the provision of professional services a plaintiff must provide an affidavit that (i) complies with § 150.002(a) and (ii) states the "negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional services," that is, that describes the covered professional's wrongful conduct, the negative implication is that a qualified affidavit is not, on this case's facts, required for a pure vicarious liability claim that does not depend on

---

[3] We do not address whether any of these theories have merit in this case.

any wrongful conduct by the professional.  *See generally United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (applying maxim *expressio unius est exclusio alterius*); *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 493 n.7 (Tex. 1993) (same).  It thus follows that the District was not required to file with its petition an affidavit from an architect that meets § 150.002(a)'s standards regarding its pure vicarious liability claims.

### III.  DISPOSITION

We affirm the trial court's order denying Jennings's motion to dismiss regarding the District's vicarious liability claims against Jennings.  We reverse the trial court's order denying Jennings's motion to dismiss with respect to the District's direct claims against Jennings, and we remand this case for rendition of an order dismissing those claims after the trial court determines whether the dismissal should be with or without prejudice, and for proceedings otherwise consistent with this opinion.

141043F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JENNINGS, HACKLER & PARTNERS, INC., Appellant

No. 05-14-01043-CV          V.

NORTH TEXAS MUNICIPAL WATER DISTRICT, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-01197-2013.
Opinion delivered by Justice Whitehill.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order denying appellant Jennings, Hackler & Partners, Inc.'s motion to dismiss with respect to appellee North Texas Municipal Water District's claims against appellant Jennings, Hackler & Partners, Inc. for direct liability for breach of contract, negligence, and negligent hiring and retention.

We **REMAND** the case to the trial court for rendition of an order granting appellant Jennings, Hackler & Partners, Inc.'s motion to dismiss with respect to appellee North Texas Municipal Water District's claims against appellant Jennings, Hackler & Partners, Inc. for direct liability for breach of contract, negligence, and negligent hiring and retention after it determines whether the dismissal should be with or without prejudice.

We **AFFIRM** the trial court's order denying appellant Jennings, Hackler & Partners, Inc.'s motion to dismiss with respect to appellee North Texas Municipal Water District's claims against appellant Jennings, Hackler & Partners, Inc. for vicarious liability for the negligence of TurkWorks Engineering, Inc.

We **ORDER** each party to bear its own costs of this appeal.

Judgment entered July 30, 2015.

–13–