**REVERSE;RENDER and REMAND; and Opinion Filed November 27, 2023.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00562-CV**
_____

**LINA T. RAMEY & ASSOCIATES, INCORPORATED, Appellant**
**V.**
**JEREMY COMEAUX; DANA WILKIE; SYDNEY BOUNDS; BRANDY CLARK; TENA MARIE EASON, INDIVIDUALLY, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GEORGE MICHAEL EASON; AND DEANUS HODGE, AS DEPENDENT ADMINISTRATOR OF THE ESTATE OF CHARLES ERIC HARRIS, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-14378**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

This is an interlocutory appeal from the trial court's partial denial of appellant Lina T. Ramey & Associates' ("Ramey & Associates") motion to dismiss filed pursuant to chapter 150 of the Texas Civil Practice and Remedies Code. Chapter 150 requires a plaintiff suing for damages arising out of the provision of professional services by a licensed or registered professional, to file an affidavit, commonly referred to as a certificate of merit, with the complaint, and failure to comply with

the provisions of chapter 150 requires dismissal of the plaintiff's complaint. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (e). On appeal, Ramey & Associates asserts the trial court erred in partially denying its chapter 150 motion to dismiss because appellees failed to comply with the certificate of merit requirement and because all of appellees' claims arose out of its contract with the Texas Department of Transportation (TxDOT) for professional engineering services in connection with a construction project on State Highway 121 (SH 121), not just the claims the trial court dismissed.

We reverse the trial court's Order on Ramey & Associates' First Amended Chapter 150 Motion to Dismiss excepting from dismissal appellees' claims against Ramey & Associate for its alleged negligence in failing to ensure that, as part of the roadway construction project, the original lane markings were removed instead of being covered with black paint and render judgment dismissing all of appellees' asserted claims. We remand the case to the trial court to determine whether dismissal of the claims regarding a deficiency in the inspection of the roadway and work site should be with or without prejudice. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On or about March 16, 2021, a head-on collision occurred on a part of SH 121 that was under construction when a Ford Expedition traveled into the opposing lane and collided with a Cadillac SUV. The driver of the Ford was George Eason, and

the passengers in that vehicle were Charles Harris and Jeremy Comeaux. The driver of the Cadillac was Brandy Clark, and the passengers in that vehicle were Dana Wilkie and Sydney Bounds. The collision resulted in the death of Eason and injuries to the other occupants of the vehicles.

Appellees sued various parties associated with the highway construction project, including Ramey & Associates, a civil engineering firm that was involved in the design and implementation of the traffic control plan utilized for the construction, asserting negligence and premises liability claims for damages resulting from the collision.[1] Appellees Sydney Bounds and Brandy Clark further asserted a negligence per se claim. Appellees contend that Ramey & Associates' flawed traffic control plan caused Eason to veer into oncoming traffic resulting in the collision. Appellees' live pleadings at the time the trial court considered Ramey & Associates' motion to dismiss alleged that the defendants designed, controlled, implemented, and maintained the traffic control plan utilized on the section of the highway where the collision occurred, and that the plan caused Eason to veer into oncoming traffic resulting in the collision. In addition, appellees claimed Ramey & Associates:

- Failed to maintain a safe roadway for use of the public;

- Failed to design, control, implement, and maintain a reasonably safe traffic control plan;

- Failed to provide adequate warning and signage of changes in traffic patterns;

- Failed to properly maintain and inspect the worksite and roadways;

---

[1] Ramey & Associates and TxDOT entered into a contract for engineering services, pursuant to which Ramey & Associates provided traffic engineering services for roadway construction of a 9.5-mile section of SH 121 in portions of Collin and Fannin Counties.

- Failed to adequately train and supervise personnel;

- Failed to utilize reasonable means of protecting travelers;

- Unreasonably deviated from a reasonably safe traffic control plan;

- Failed to properly supervise those whose work they had a right to control; and

- Failed to meet the standard of care under the Texas Manual on Uniform Traffic Control Devices (TxMUTCD).

Appellee Jeremy Comeaux originally filed suit against Ramey & Associates on August 18, 2022. Comeaux nonsuited that case when Ramey & Associates filed a motion to dismiss for failure to comply with chapter 150. Thereafter, on October 14, 2022, Comeaux filed a second suit against Ramey & Associates, with an affidavit signed by Peter S. Parsonson, Ph.D., P.E., a civil engineer, licensed in several southeastern states and in California, but not in Texas. Petitions in intervention, relying on the same affidavit filed by Comeaux, were filed on December 28, 2022, by appellee Dana Wilkie; on January 20, 2023, by appellee Tena Marie Eason, individually, on behalf of all wrongful death beneficiaries, and as personal representative of the estate of George Eason; and on February 27, 2023, by appellees Sydney Bounds and Brandy Clark. On March 7, 2023, appellee Deanus Hodge, as dependent administrator of the estate of Charles Harris, filed his petition in intervention. His petition did not include a certificate of merit. On March 14, Hodge filed an amended petition attaching the curriculum vitae of Parsonson, but not the Parsonson affidavit.

Ramey & Associates filed a motion to dismiss for failure to comply with the requirements of chapter 150 of the Texas Civil Practice and Remedies Code,

–4–

arguing the affidavits attached to the first-filed petitions of Comeaux, Wilkie, Eason, Bounds, and Clark failed to meet the requirements of section 150.002 because they were not rendered by a Texas-licensed professional engineer. *See* CIV. PRAC. & REM. § 150.002(a) (b) (affidavit of a third-party professional engineer licensed by this state is required in any action or proceeding for damages arising out of the provision of professional services by licensed professional engineer). Ramey & Associates similarly moved to dismiss the claims asserted by Hodge because a certificate of merit was not filed contemporaneously with his first-filed petition. *Id.* §§ 150.001(1-b); 150.002(a) (affidavit to be filed with complaint which, for first time, raises claim against licensed professional for damages arising out of provision of professional services of licensed professional).

Appellees responded to Ramey & Associates' motion to dismiss, attaching a certificate of merit signed by David C. Steitle, P.E., a civil engineer licensed in Texas.[2] In their response, they argued that the motion should be partially denied because they were not required to file a certificate of merit with respect to their claim that Ramey & Associates failed to properly inspect the work site and roadway to "ensure that the contractor complied with section 6F.77's of the TxMUTCD requirement that the original pavement markings 'be removed or obliterated as soon as practical'" was not an engineering design service. Appellees also argued Parsonson's affidavit was sufficient because he is qualified to testify

---

[2] Chapter 150 does not permit amendments or supplemental affidavits to correct a failure to comply with section 150.002. CIV. PRAC. & REM. §150.001(1-b); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014); *Pipkins v. Labiche Architectural Grp., Inc.*, 661 S.W.3d 842, 848 (Tex. App.—Beaumont 2022, pet. denied).

as an expert and that no certificate of merit should be required because Ramey & Associates' alleged negligence in failing to ensure compliance with section 6F.77 of the TxMUTCD was so obvious that expert testimony is not required.

The trial court partially granted and partially denied Ramey & Associates' motion to dismiss. The trial court ordered that all of the claims against Ramey & Associates were dismissed without prejudice, except the claim against it "for its alleged negligence in failing to ensure that the original lane markings were removed instead of being covered with black paint." This interlocutory appeal followed. *See* CIV. PRAC. & REM. § 150.002(f) (order granting or denying a motion for dismissal is immediately appealable as an interlocutory order).

## DISCUSSION

We review a trial court's order on a motion to dismiss under section 150.002 of the Civil Practice and Remedies Code for an abuse of discretion. *TIC N. Cent. Dallas, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

We review matters involving statutory construction de novo. *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Grp., Inc.*, 329 S.W.3d 219, 220

(Tex. App.—Dallas 2010, no pet.). Once we construe the statute, we determine whether the trial court abused its discretion in applying the statute to the facts. *Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 425 (Tex. App.—Dallas 2012, no pet.).

A reviewing court looks to and relies on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 491 (Tex. 2017); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014). Courts must presume that the legislature chose the statute's language with care, including that words were chosen or omitted for a purpose, and must construe statutes so that no part is surplusage, but so that each word has meaning. *Pedernal Energy*, 536 S.W.3d at 491–92; *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").

As is relevant here, the statute requiring a certificate of merit requires that in any action for damages *arising out of* the provision of professional services by a licensed professional, a claimant file *with the complaint* an affidavit of a third-party professional engineer licensed in this state.[3] *See* CIV. PRAC. & REM. §150.002(a) (b);

---

[3] There is an exception to this rule, but no one contends, nor do we conclude, the exception applies here. *See* CIV. PRAC. & REM. § 150.002(c).

*Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 890 (Tex. 2017) ("The affiant must . . . be licensed or registered in Texas"). The certificate of merit statute requires that the affidavit be filed with the pleading which, for the first time, raises a claim against a licensed professional for damages arising from the provision of professional services by the licensed professional. Civ. Prac. & Rem. §150.001(1-b). And "[t]he plaintiff's failure to file the affidavit in accordance with [§ 150.002] shall result in dismissal of the complaint against the defendant[,]" which may be with prejudice. *Id.* § 150.002(e).

It is undisputed that Ramey & Associates is a licensed professional engineering firm, registered with the Texas Board of Professional Engineers and Land Surveyors. It is also undisputed that TxDOT contracted with Ramey & Associates to perform the professional engineering service of developing and designing the traffic control plans for the widening of SH 121. It is further undisputed that Parsonson is not licensed to practice engineering in the State of Texas and that appellee Hodge did not file a certificate of merit with his first filed complaint.

The parties' dispute centers on whether appellees' claims against Ramey & Associates for the allegedly deficient inspection of the work site and roadway to

---

The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. *Id.* § 150.002(b).

ensure compliance with section 6F.77 of the TxMUTCD arises out of the firm's provision of professional services, such that it would require a certificate of merit in order to survive a chapter 150 motion to dismiss. Ramey & Associates contends these claims arise out of its provision of professional service; appellees contend they do not.[4]

In determining whether claims arise out of the provision of professional services, we look to the substance of the plaintiff's pleadings. *Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*, 471 S.W.3d 577, 581 (Tex. App.—Dallas 2015, pet. denied). A claim arises out of the provision of professional services if the substance of the pleadings implicates a professional's education, training, and experience in applying special knowledge or judgment. *Id.*

When determining whether a plaintiff's claims arise out of the provision of professional engineering services within the meaning of section 150.002, we look to the definition of the practice of engineering in the Texas Occupations Code. CIV. PRAC. & REM. § 150.001(3); *LJA Eng'g Inc. v. Santos*, 652 S.W.3d 916, 919 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Section 1001.003 of the Texas Occupations Code provides the "practice of engineering" means:

[T]he performance of or an offer or attempt to perform any public or

---

[4] More particularly, appellees contend that Ramey & Associates negligently failed to ensure that Defendants Mario Sinacola & Sons Excavating, Inc. and Striping Technology, L.P. removed the original pavement markings as required by the governing regulations. Appellees claim this alleged negligent performance was not an engineering design service but an inspection service that required no specialized training or education.

private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work.

TEX. OCC. CODE ANN. § 1001.003(b). The statutory definition of the "practice of engineering" includes specific types of professional services, including the development or optimization of plans and specifications for engineering works or systems and engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications; and "any other professional service necessary for the planning, progress, or completion of an engineering service." *See id.* § 1001.003(c) (9) (12); *Whitaker v. R2M Eng'g, LLC*, 603 S.W.3d 530, 537 (Tex. App.—Amarillo 2020, pet. denied) (observing that "umbrella of practicing engineering casts a large shadow").

Here, the record shows TxDOT engaged Ramey & Associates to provide professional engineering services in connection with roadway improvements to a portion of SH 121. The services included the design of a traffic control plan. A traffic control plan is used during the construction to efficiently move the public through and around the work zone with minimal delay and to minimize potential hazards to transportation users in the vicinity of the work zone and highway workers.

In their petitions, appellees alleged Ramey & Associates and other named defendants, designed, controlled, implemented, and maintained the traffic control plan utilized on the section of roadway where the accident occurred, and that the

traffic control plan caused Eason to veer into oncoming traffic resulting in the collision at issue here. In appellees Bounds and Clark's petition in intervention, they further asserted that the named defendants had a duty to follow the rules and regulations outlined in the TxMUTCD; specifically, section 6F.77 which provides, "Pavement marking obliteration shall remove the non-applicable pavement marking material, and obliteration method shall minimize scarring. Painting over existing pavement markings with black paint or spraying with asphalt shall not be accepted as a substitute for removal or obliteration." They also asserted the named defendants failed to comply with the rules and regulations of TxMUTCD Section 6F.77 in that they painted over an obsolete longitudinal stripe with black paint and that failure caused or contributed to the collision.

Appellees' complaint about Ramey & Associates' alleged failure to ensure that the original lane markings were removed instead of being covered with black paint, involve the monitoring of compliance with drawings or specifications and "other professional service necessary for the planning, progress, or completion of an engineering service." *See* CIV. PRAC. & REM. § 1001.003(c) (9) (12). And, thus, the alleged failure directly involves the practice of engineering.

To the extent an inspection of the work performed on the roadway did not itself constitute the provision of engineering services, the issue presented is whether claims concerning same *arise out of* the provision of professional services. *Jennings*, 471 S.W.3d at 581. To arise out of the provision of professional services, the alleged

mal-acts need only originate, stem, or result from the engineer's supplying services which utilize his special engineering talents, education, and the like. *Whitaker*, 603 S.W.3d at 535–36.

Any inspection performed by Ramey & Associates was necessarily done as a component part of the necessary steps for implementing the traffic control plan, which clearly involved the provision of engineering services, and from which appellees' claims arose. *See, e.g.*, *Tucker Eng'g, Inc. v. Temperley*, No. 03-21-00565-CV, 2022 WL 17684036, at *5 (Tex. App.—Austin Dec. 15, 2022, no pet.) (mem. op.) ("even if the inspection itself would not be the provision of engineering services [it] was a done as a component part of the necessary steps for preparing the structural inspection report, which was the provision of an engineering service and for which the [plaintiffs'] claims arose."). Thus, appellees' claims regarding an inspection of the work performed arise from Ramey & Associates' provision of professional (engineering) services.

Based on our examination of the substance of appellees' factual allegations, we conclude that their claims regarding an inspection of the roadway and work site are subject to the requirements set forth in section 150.002. Because appellees failed to comply with those requirements, the trial court abused its discretion when it refused to dismiss those claims. Accordingly, we sustain Ramey & Associates' sole issue.

## CONCLUSION

We reverse the trial court's May 16, 2023, Order on Ramey & Associates' First Amended Chapter 150 Motion to Dismiss partially denying Ramey & Associates' motion to dismiss and render judgment that all of appellees' asserted claims are dismissed. We remand the case to the trial court for a determination of whether the dismissal of the claims regarding a deficiency in the inspection of the roadway and work site should be with or without prejudice as provided under section 150.002(e). *See DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411–12 (Tex. App.—Dallas 2010, pet. denied) (remanding case for determination of dismissal with or without prejudice).

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230562F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LINA T. RAMEY & ASSOCIATES, INCORPORATED, Appellant

No. 05-23-00562-CV     V.

JEREMY COMEAUX;DANA WILKIE; SYDNEY BOUNDS; BRANDY CLARK; TENA MARIE EASON, INDIVIDUALLY, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES, AND THE ESTATE OF GEORGE MICHAEL EASON, AND DEANUS HODGE, AS DEPENDANT ADMINISTRATOR OF THE ESTATE OF CHARLES ERIC HARRIS,  Appellees

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-14378. Opinion delivered by Justice Kennedy. Justices Nowell and Miskel participating.

In accordance with this Court's opinion of this date, the trial court's May 16, 2023 Order on Lina T. Ramey & Associates, Incorporated's First Amended Chapter 150 Motion to Dismissed is **REVERSED** and judgment is **RENDERED** that all of appellees' asserted claims against Lina T. Ramey & Associates, Incorporated are dismissed.

We **REMAND** the case to the trial court for a determination of whether the dismissal of the claims regarding a deficiency in the inspection of the roadway and work site should be with or without prejudice as provided under section 150.002(e).

–14–

It is **ORDERED** that appellant LINA T. RAMEY & ASSOCIATES, INCORPORATED recover its costs of this appeal from appellees JEREMY COMEAUX; DANA WILKIE; SYDNEY BOUNDS; BRANDY CLARK; TENA MARIE EASON, INDIVIDUALLY, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GEORGE MICHAEL EASON; AND DEANUS HODGE, AS DEPENDENT ADMINSTRATOR OF THE ESTATE OF CHARLES ERIC HARRIS.

Judgment entered this 27th day of November 2023.