**Reversed and Remanded and Opinion Filed November 8, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00156-CV

### DALLAS PALMS, LLC, Appellant
### V.
### S. VIC JONES, JR., S. VIC JONES & ASSOCIATES, LTD., AND SVJ, LLC, Appellees

### On Appeal from the 44th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-20-16654

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

In this accelerated interlocutory appeal, Dallas Palms, LLC appeals the trial court's order granting a joint motion for dismissal filed by S. Vic Jones, Jr. (Jones), S. Vic Jones & Associates, Ltd. (SVJA), and SVJ, LLC and dismissing, without prejudice, Dallas Palms' claims against appellees for failing to file a certificate of merit under Texas Civil Practice & Remedies Code § 150.002. *See* TEX. CIV. PRAC.

& REM. CODE § 150.002.  In five issues,[1] Dallas Palms argues the trial court abused its discretion in granting appellees' motion and dismissing its claims.  For the reasons below, we sustain Dallas Palms' first issue, need not address its other issues, reverse the trial court's order, and remand for further proceedings.

## I. PROCEDURAL BACKGROUND

On November 6, 2020, Dallas Palms initiated this lawsuit by suing various other parties who are not parties to this appeal.[2]

A little over a month later, Dallas Palms amended its petition, maintaining the same claims against the then-existing defendants, adding other parties who are not parties to this appeal, and adding Jones as a defendant.  Against Jones, Dallas Palms asserted claims for breach of contract, fraud, breach of implied warranties, and DTPA violations.  Jones filed a responsive pleading that included a general denial, verified denial,[3] and affirmative defenses.

---

[1] Specifically, Dallas Palms argues the trial court abused its discretion in dismissing its claims because (1) there is no evidence appellees are licensed or registered professionals, (2) Dallas Palms' claims against appellees do not implicate a professional's education, training, and experience in applying special knowledge or judgment, (3) Dallas Palms seeks rescission, (4) no certificate of merit is required in an action for professional fees, and because (5) the trial court abused its discretion in dismissing what it refers to as its "non-Chapter 150 claims."

[2] The Texas Legislature amended certain portions of chapter 150 of the civil practice and remedies code effective September 1, 2023.  Those amendments apply "only to an action commenced on or after" that date and thus do not apply here.  An action commenced before the effective date of those amendments—as this case was—"is governed by the law as it existed immediately before the effective date of this Act." *See* Act of May 17, 2023, 88th Leg., R.S., ch. 438, § 2, 2023 Tex. Sess. Law Serv. 1037, 1038.  Thus, all citations to chapter 150 are to the version before the 2023 amendments took effect.

[3] In his verified denial, Jones asserts he is not liable in the capacity in which he is sued and that Dallas Palms is not entitled to recover in the capacity in which it sues.

Dallas Palms filed a second amended original petition in mid-August 2022, maintaining the same causes of action against Jones and the other parties and adding as defendants SVJA and SVJ, LLC. Against SVJA and SVJ, LLC, Dallas Palms asserted the same causes of action it alleged against Jones. SVJA and SVJ, LLC filed a responsive pleading that included a general denial and affirmative defenses.

On the same day SVJA and SVJ, LLC filed their responsive pleading, Jones, SVJA, and SVJ, LLC filed a joint "Motion to Dismiss Under Chapter 150 of the Texas Civil Practice & Remedies Code" (Motion). Dallas Palms filed a response opposing the Motion, and appellees filed a reply supporting it.

In the meantime, and before the trial court ruled on Dallas Palms' Motion, Dallas Palms amended its petition twice more. In its fourth amended original petition, the latest of those filings, Dallas Palms asserted the same causes of action against appellees as described above but also included language alleging that, under various provisions of the Texas Tax Code, Jones is liable for SVJ, LLC's debts and liabilities, and SVJ, LLC and Jones are liable for SVJA's debts and liabilities.

The trial court heard appellees' Motion on January 26, 2023, and signed the order at issue the following day, dismissing Dallas Palms' claims against appellees without prejudice. This appeal followed.

## II. DISCUSSION & ANALYSIS

In its first issue, Dallas Palms argues the trial court abused its discretion by dismissing its claims for failing to file a certificate of merit because there is no

evidence that Jones, SVJA, or SVJ, LLC were "licensed or registered professionals" as defined in Texas Civil Practice and Remedies Code § 150.001(1-c).[4]  Appellees counter that Jones is a licensed or registered architect, that SVJA and SVJ, LLC are exempt from registration requirements because Jones is a sole practitioner, and that the evidence supporting the trial court's implicit findings of both of those alleged facts are found via judicial notice and in the record.  In response, Dallas Palms contends judicial notice is inappropriate and argues the trial court abused its discretion by dismissing its claims because the record does not sufficiently demonstrate appellees are licensed or registered professionals.

## A.    Crux of Dallas Palms' Claims

According to its pleadings, Dallas Palms operates a full-service event venue in Carrollton, Texas for weddings, receptions, corporate functions, and special events, and, in 2018, Dallas Palms decided to expand improvements on its property to accommodate more guests.  The crux of Dallas Palms' lawsuit involves alleged contracts entered into in 2018 and various claims arising from that project.  As to appellees, Dallas Palms' fourth amended petition states, in part, that Dallas Palms

---

[4] Chapter 150 defines a "licensed or registered professional" as

> a licensed architect, . . . or any firm in which such licensed or registered professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity.

See TEX. CIV. PRAC. & REM. CODE § 150.001(1-c).    The phrase also includes "licensed professional engineer, registered professional land surveyor, [and] registered landscape architect[,]" see id., but those roles are not pertinent here.

"signed a contract with SVJA, dated November l, 2018 . . . and paid SVJA $40,000.00, so that SVJA would be [Dallas Palms'] 'eyes and ears' for the Project, to prepare plans and drawings for the Project . . . , and to obtain the necessary permits from the City of Carrollton[.]" Dallas Palms asserts against appellees claims for breach of contract, fraud, breach of implied warranties, and DTPA violations and alleges that, under various provisions of the Texas Tax Code, Jones is liable for SVJ, LLC's debts and liabilities, and SVJ, LLC and Jones are liable for SVJA's debts and liabilities.

## B. Pertinent Filings & Judicial Notice Requests

As previously indicated, Dallas Palms appeals the trial court's order granting appellees' Motion and dismissing Dallas Palms' claims against appellees for failure to file a certificate of merit under Texas Civil Practice & Remedies Code § 150.002.

In that Motion—without citing to or submitting any supporting evidence—appellees stated, "[Jones] is a licensed architect, and he performs architectural services through his company [SVJA, an architectural firm]. SVJ, LLC is the general partner of [SVJA]." Appellees attached to their Motion a single, unauthenticated document—appellees' exhibit A—a purported contract between SVJA and an entity named "Dallas Palms Venue" or "The Dallas Palms Venue." Appellees described exhibit A as "an agreement for professional services" and as "the only contract signed by" any appellee.

Dallas Palms opposed the Motion, arguing, in part, no certificate of merit was required because "neither SVJA nor SVJ, LLC are registered architectural firms." Dallas Palms asked the trial court "to take judicial notice of the [Texas Board of Architectural Examiners'] online roster of registered architectural firms, a search of which can be found at: https://bizreg.tbae.texas.gov/Home/BusinessSearch." Also included in its response were two images purporting to be December 12, 2022 screenshots stating, "There Is No Result Based on Your Search Criteria."[5]

Cued, apparently, by Dallas Palms' response, in their reply brief in the trial court, appellees asked the trial court "to take judicial notice of the [Texas Board of Architectural Examiners'] online roster of registered architects, a search of which can be found at: https://indreg.tbae.texas.gov/Reports/IndividualSearch."

Appellees' reply brief also included an unauthenticated, undated image purporting to be a screenshot of the following text from the Texas Board of Architectural Examiners' website:

Individual License Detail

[Image] TEXAS Board of
            Architectural Examiners
            Architects Landscape Architects Registered Interior Designers

JONES, SAMUEL VICTOR, Jr.
        Profession:            Architect

---

[5] Although not pertinent to the single issue we resolve herein, we note that Dallas Palms attached to its trial court response two documents—exhibits A and B—which consisted of certified copies from the Texas Secretary of State of SVJA's July 24, 2009 tax forfeiture notice and its May 11, 2022 reinstatement application and tax clearance letter for reinstatement (exhibit A) and of SVJ, LLC's July 24, 2009 tax forfeiture notice (exhibit B).

Registration No.:   7102
License Status:   Active
Firm Name:   [No info; field was left blank]
Address:   [Info in image but is unnecessary here]
Original Issue:   03/01/1979
Lic. Expiration:   08/31/2023

Below that image, appellees' trial court reply brief included another image as well—the signature block, signature, and seal on the unauthenticated, purported contract included in appellees' exhibit A, which appeared as follows:

This Agreement is respectfully submitted this 1st day of November, 2018
S. VIC JONES AND ASSOCIATES, LTD.
**Architects and Interiors**
(the Architect)

by: SVJ, LLC (its General Partner), by
S. Vic Jones, Jr., Architect, President

Appellees' trial court reply brief also stated—without citing any supporting evidence—"[Jones] is President of [SVJA] and is the only design professional to offer or render services on behalf of [SVJA]. Therefore, as a sole practitioner, [SVJA] and SVJ, LLC are exempt from [registration] requirements."[6] Appellees

---

[6] In this portion of appellees' reply brief in the trial court, appellees refer to "22 Tex. Admin. Code Subsection (a)" as the registration requirements from which appellees claim SVJA and SVJ, LLC are exempt. Although appellees omitted the section number in that portion of their reply brief in the trial court, for purposes of this appeal, we presume appellees were referring to 22 Texas Administrative Code § 1.124, subparts (a) and (d), which state, in pertinent part:

> (a) An architectural firm or other business entity that offers or provides architectural services in Texas must annually register information regarding the firm or business entity with the Board, including an email address to which all TBAE correspondence will be sent.

–7–

also attached to their trial court reply brief another unauthenticated document—appellees' exhibit 1—which they cited as purported support for its statement that SVJA "is in good standing with the Office of the Secretary of State."

## C. Trial Court Ruling

The trial court heard appellees' Motion on January 26, 2023. Dallas Palms describes the hearing as non-evidentiary, and appellees do not dispute that description. No hearing transcript is in the appellate record.

The record does not reflect that the trial court took judicial notice of either of the matters the parties requested or that the trial court admitted or considered any evidence before making its ruling and signing the January 27, 2023 order at issue. That order stated, in pertinent part—and without any reference to evidence:

> On this day, came on to heard, [appellees' Motion]. The Court, after hearing the argument of counsel and considering the motion and pleadings on file, is of the opinion that said motion is well-taken and should be in all things granted.
>
> IT IS THEREFORE ORDERED that [appellees' Motion] is GRANTED.
>
> IT IS FURTHER ORDERED that all claims asserted by [Dallas Palms] against [appellees] are hereby dismissed without prejudice to the refiling of same.

----

. . . .

(d) An Architect who is a sole practitioner doing business under his/her name, which is registered with the Board, is exempt from the requirements of subsections (a)-(c) of this section.

## D. Applicable Standards

An order granting or denying a motion to dismiss under chapter 150 of the Texas Civil Practice and Remedies Code is immediately appealable as an interlocutory order. TEX. CIV. PRAC. & REM. CODE § 150.002(f).

Texas Civil Practice and Remedies Code § 150.002, entitled "Certificate of Merit," states, in subsection (a):

> [I]n any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional,[7] a claimant[8] shall be required to file with the complaint[9] an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who [meets certain criteria as specified in the statute].

TEX. CIV. PRAC. & REM. CODE § 150.002(a).

"[T]he expert-affidavit requirement serves to weed out frivolous claims before litigation commences, not to dispose of those that are potentially meritorious." *LaLonde v. Gosnell*, 593 S.W.3d 212, 224 (Tex. 2019).

The threshold questions in determining whether § 150.002 applies are (1) whether the defendant moving for dismissal is a covered "licensed or registered

---

[7] "Licensed or registered professional" means a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity. *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-c).

[8] "Claimant" is defined as "a party, including a plaintiff or third-party plaintiff, seeking recovery for damages, contribution, or indemnification." *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-a).

[9] "Complaint" is defined as "any petition or other pleading which, for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." *See* TEX. CIV. PRAC. & REM. CODE § 150.001(1-b).

professional" as defined in the statute and (2) whether the claimant's damages arose out of the provision of professional services by such a professional. *See Superior Indus., Inc. v. Kallus*, No. 05-23-00219-CV, 2024 WL 1089473, at \*3 (Tex. App.—Dallas Mar. 13, 2024, no pet.) (mem. op.).

The party moving to dismiss has the burden to demonstrate these threshold issues. *See id.*, at \*4 (stating, as to the first issue, "As a threshold issue, Superior [Industries, Inc., the movant] has the burden to demonstrate that it is a 'licensed or registered professional' as defined in the certificate-of-merit statute.").

A claimant's failure to file the affidavit in accordance with § 150.002 "shall result in dismissal of the complaint against the defendant[,]" and "[t]his dismissal may be with prejudice." *See id*. § 150.002(e).[10]

We review an order granting a chapter 150 motion to dismiss under an abuse of discretion standard. *TIC N. Cent. Dall. 3, L.L.C.*, 463 S.W.3d at 76. Where resolution of the issue requires us to interpret or construe the statutory language, we review that issue de novo. *Id*. A trial court abuses its discretion when it "renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of

---

[10] Thus, while the statute requires a trial court to dismiss a complaint if a claimant does not file a certificate of merit in compliance with the statute, because the dismissal "may" be with prejudice, the statute expressly does not require the trial court to dismiss with prejudice, and the trial court has discretion in determining whether to dismiss with or without prejudice. *See TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied). In exercising this discretion, the trial court cannot act "in an arbitrary or unreasonable manner without reference to guiding rules or principles" and should consider the statute's "broader purposes" of deterring and quickly ending meritless claims. *Id*.; *see CTL/Thompson Tex., L.L.C. v. Starwood Homeowner's Ass'n., Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam) (purpose of a section 150.002(e) dismissal is "to deter meritless claims and bring them quickly to an end").

the case" and, "[s]imilarly, . . . when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011); *Kallus*, 2024 WL 1089473, at *3.

To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss. *Jennings, Hackler & Partners, Inc. v. N. Texas Mun. Water Dist.*, 471 S.W.3d 577, 581 (Tex. App.—Dallas 2015, pet. denied). In this case, Dallas Palms' live pleading at the time of the trial court's ruling was its fourth amended petition.

The party complaining of abuse of discretion has the burden to bring forth a record showing such abuse. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *Kallus*, 2024 WL 1089473, at *3. Here, that party is Dallas Palms.

### E.    Application

Thus, we turn to the record before us to determine whether Dallas Palms has met that burden. Based on the record before us, we conclude Dallas Palms did so and agree with its argument that the trial court abused its discretion by dismissing its claims because there was no evidence before the trial court that Jones, SVJA, or SVJ, LLC were "licensed or registered professionals" as defined in Texas Civil Practice and Remedies Code § 150.001(1-c).

In their motion to dismiss, appellees stated, "[Jones] is a licensed architect, and he performs architectural services through his company [SVJA, an architectural firm]. SVJ, LLC is the general partner of [SVJA]." Appellees did not submit with

their motion any proof to support those statements and did not ask in its motion that the trial court take judicial notice of those or any other alleged facts. However, in their trial court reply brief, appellees (1) asked the trial court to take judicial notice of the online roster of registered architects available on the Texas Board of Architectural Examiners' website, (2) provided a link[11] from which a search could purportedly be done, and (3) included an image of a purported undated screenshot listing information for "JONES, SAMUEL VICTOR, Jr.," as described above.

Conceding, in their appellate brief, that the record does not reflect that the trial court took judicial notice as the parties requested, appellees argue that this Court "should take judicial notice that Jones is a licensed architect, and has been at least since November 1, 2018, the date Jones signed the [alleged] contract."

In *Moreno v. Halperin as Tr. of GFES Liquidation Tr.*, No. 05-22-01253-CV, 2024 WL 3040414, at *4 (Tex. App.—Dallas June 18, 2024, no pet.) (mem. op.), we stated:

> Texas Rule of Evidence 201 provides that a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." [*Id*.] 201(c). "[T]he trial court may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file." *In re State for J.M.P.*, 687 S.W.3d 746, 758 (Tex. App.—Dallas 2024, [no pet.]). Evidence that is the subject of improper judicial notice amounts to no evidence. *In re B.R.*, No. 12-23-00256-CV, 2024 WL

---

[11] The link provided was "https://indreg.tbae.texas.gov/Reports/IndividualSearch."

396642, at *7 (Tex. App.—Tyler Jan. 24, 2024, no pet.) (mem. op.) (citing *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.)); *Abila v. Miller*, 683 S.W.3d 842, 849 (Tex. App.—Austin 2023, no pet.).

Given these standards, neither we, nor the trial court, could take judicial notice "of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file," *see id.*, such as appellees' statements in their Motion that "[Jones] is a licensed architect, and he performs architectural services through his company [SVJA, an architectural firm, and] SVJ, LLC is the general partner of [SVJA]."

Appellees' request in their appellate brief that we take judicial notice "that Jones is a licensed architect, and has been at least since November 1, 2018, the date Jones signed the [alleged] contract" presents an additional problem as well: this request goes to the merits of the present dispute, and we are not a trier of fact. While "[a]n appellate court may take judicial notice of a relevant fact that is either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]"[12] as we have previously explained:

> "Appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute" because "[t]o do so would transform this Court from one of appellate jurisdiction to one of original jurisdiction." *In re Kam*, No. 05-16-00126-CV, 2016 WL 7473905, at *6 (Tex. App.—Dallas Dec. 29, 2016, pet. denied) (mem. op.); *see also Young v. Trails End Homeowners Ass'n Inc.*, No. 03-14-00535-CV, 2016 WL

---

[12] *Gill v. Hill*, 688 S.W.3d 863, 871 (Tex. 2024), *cert. denied*, No. 24-76, 2024 WL 4427206 (U.S. Oct. 7, 2024).

462705, at *4 n.6 (Tex. App.—Austin Feb. 2, 2016, no pet.) (mem. op.) (declining appellant's request for judicial notice of documents not admitted into evidence at trial that purported to establish disputed chain of title to real property that went to case's merits).

*Pasha & Sina, Inc. v. Shields Ltd. P'ship*, No. 05-22-00197-CV, 2023 WL 2422485, at *5 (Tex. App.—Dallas Mar. 9, 2023, no pet.) (mem. op.).

Based on the record before us, we conclude Dallas Palms satisfied its burden to show the trial court abused its discretion in granting appellees' Motion and dismissing its claims because there was no evidence before the trial court that Jones, SVJA, or SVJ, LLC are licensed or registered professionals as defined in Texas Civil Practice and Remedies Code § 150.001(1-c).

In reaching our decision, we have reviewed, but have not been persuaded by, the cases cited in appellees' appellate brief in which courts took judicial notice of certain professionals' licensure with state authorities, as none of those cases involve judicial notice in determining the threshold question of whether a party is a licensed or registered professional as defined in § 150.001(1-c).[13] Moreover, even if we took judicial notice of Jones's licensure as a Texas registered architect as appellees' request, there would still be no record evidence demonstrating that SVJA and SVJ,

---

[13] *See Int. of T.F.*, No. 02-18-00299-CV, 2019 WL 2041790, at *1 n.4 (Tex. App.—Fort Worth May 9, 2019, no pet.) (mem. op.) (noting, in context of an appeal in a suit affecting parent-child relationship, that trial court took judicial notice that the appellant in that case is a licensed attorney in Texas); *Magee v. Ulery*, 993 S.W.2d 332, 338–39 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (concluding, in context of medical malpractice case, it was error for trial court not to take judicial notice of a doctor's status as a general practitioner and of his age at the time of the treatment in question but overruling issue because appellant failed to show error probably caused the rendition of an improper judgment); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ) (stating, "[A]n appellate court may take judicial notice of whether an attorney holds a license to practice law in Texas").

–14–

LLC are licensed or registered professionals as defined in Texas Civil Practice and Remedies Code § 150.001(1-c).

We sustain Dallas Palms' first issue and need not decide its other issues as a result. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### III. CONCLUSION

We reverse the trial court's January 27, 2023 order and remand for further proceedings.

/Ken Molberg/
KEN MOLBERG
JUSTICE

230156F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS PALMS, LLC, Appellant

No. 05-23-00156-CV          V.

S. VIC JONES, JR., S. VIC JONES
& ASSOCIATES, LTD., and
SVJ, LLC, Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-16654.
Opinion delivered by Justice
Molberg. Justices Reichek and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's January 27, 2023 order is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DALLAS PALMS, LLC recover its costs of this appeal from appellees S. VIC JONES, JR., S. VIC JONES & ASSOCIATES, LTD., and SVJ, LLC.

Judgment entered this 8th day of November 2024.